UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY NELS FIEGER &
RICHARD L. STEINBERG,

                 PLAINTIFFS,

V.

MICHIGAN SUPREME COURT, *ET AL.*,

                 DEFENDANTS.
_____/

CIVIL ACTION NO. 06-11684

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

MAGISTRATE MONA K. MAJZOUB

**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [D/E # 2], DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [D/E # 26], AND GRANTING DEFENDANTS' MOTION TO DISMISS [D/ E # 35]**

    Plaintiffs Geoffrey Fieger and Richard Steinberg filed a complaint and a motion for temporary restraining order and preliminary injunction. Both the complaint and the motion present a facial challenge to the constitutionality of the two "courtesy" provisions of the Michigan Rules of Professional Conduct [MRPC], 3.5(c) and 6.5.

    Currently, there is also a State court action pending before the Michigan Supreme Court involving Plaintiff Fieger, but not Plaintiff Steinberg, which also relates to the constitutionality of the two courtesy provisions at issue in this case. *Griev. Adm'r v. Fieger*, 472 Mich 1244 (2005).

    The sole question that this Order answers is whether this court should decline to address the issues under the abstention doctrine of *Younger v. Harris* and *Middlesex County Ethics Committee v. Garden State bar Ass'n*. 401 U.S. 37 (1971); 457 U.S. 423 (1982). Under Supreme Court and Sixth Circuit law, it should decline to exercise jurisdiction at this time for the reasons that follow.

**Background**

Prior the filing of this federal suit, a State court action was initiated against Attorney Fieger by the filing of grievance with the State of Michigan Attorney Discipline Board. The grievance alleged that Fieger had violated the two courtesy provisions after he had criticized a panel of the Michigan Court of Appeals during two radio broadcasts after the panel had ruled against him in a case. The courtesy provisions at issue state: MRPC 3.5(c) states: "*A lawyer shall not engage in undignified or discourteous conduct toward the tribunal;*" whereas MRPC 6.5 provides: "*A lawyer shall treat with courtesy and respect all persons involved in the legal process.*"

Rather than challenge the factual basis of the charge, Fieger entered into a consent judgment agreeing to plead no contest to the charges and be reprimanded with the agreement that appellate review of the constitutionality of the two MRPC rules at issue could be sought.

On November 8, 2004, the Michigan Attorney Discipline Board issued its ruling with a majority finding in Fieger's favor. The majority opinion concluded that the plain language of the two rules did not apply to Fieger's statements because they were not made either before a tribunal or in the context of a pending case. The opinion further stated that even if courtesy provisions did apply to Fieger's statements, they were protected by the First Amendment. The Board stated an

> interpretation of these rules would punish nonfactual utterances made about an appellate tribunal after issuance of its opinion would be unconstitutional...vagueness problems are also present.

The Board vacated the order of reprimand and dismissed the formal complaint.

The Attorney Grievance Administrator filed an application for leave to appeal to the Michigan Supreme Court seeking to appeal the Board's decision. On May 27, 2005, the Michigan Supreme Court granted the Administrator's application for leave to appeal directing the parties to:

> *include among the issues to be briefed*: (1) whether the Attorney Discipline Board is empowered to declare Michigan Rules of Professional Conduct unconstitutional, and (2) whether it is significant that the respondent's remarks were made before the expiration of the time period for filing an application for leave to appeal to this Court in the case that was the subject of respondent's comments.

*Griev. Adm'r*, 472 Mich at 1244 (*emphasis added*).

Fieger removed the case to federal court. On October 19, 2005 Judge Battani dismissed Fieger's removal action. *Griev. Adm'r v. Fieger*, 409 F.Supp.2d 858 (E.D. Mich. 2005).

In late December of 2005, Fieger filed his brief on appeal which included the following headings under its Argument section:

> I.  As the adjudicate arm of this court for attorney discipline matters, the attorney discipline board has the authority to consider constitutional issues presented; because its ruling in this case did not find any rule of professional conduct to be unconstitutional, this case presents no issue regarding the board's authority to declare a rule unconstitutional.
> II. Mr. Fieger's hyperbolic satirical public statements about three judges were manifestly political speech protected by the U.S. Const. Am. I & XIV, and Const 1963, Art. 1, § 5.
> III. Because of Respondent-Appellee's public criticisms of three judges of the court of appeals did not occur before the tribunal, neither MRPC 3.5(c) nor 6.5(a) was violated.

The Michigan Supreme Court heard oral argument on March 8, 2006 but no final decision or order has been entered. Under their rules, the Michigan Supreme Court should issue a decision in the case no later than July 31, 2006. *See* MCR 7.312(E).

In April of this year, plaintiffs filed this action. Plaintiffs seek a declaratory judgment that the courtesy provisions of Michigan Rules of Processional Conduct 3.5(c) and 6.5 violate both the First and Fourteenth Amendments on their face because they are both overly broad and vague. Plaintiffs argue that these provisions cause attorneys to

> face the constant threat of disciplinary proceedings, up to and including

>revocation of licensure, for engaging in truthful, non-misleading, constitutionally protected expression.

Defendants have responded to Plaintiffs' complaint and motion requesting that this Court abstain from ruling on Plaintiffs' motions to allow the Michigan Supreme Court "to review these issues and determine whether the challenged rules violate due process and First Amendment principles and, if found to, whether a constitutional interpretation and application is available."

**Abstention Doctrine**

The facts of this case are nearly identical to the Sixth Circuit case *Fieger v. Thomas*, 74 F.3d 740 (6th Cir. 1996), where the Sixth Circuit reversed a district court's decision to not abstain from ruling on Plaintiff's suit seeking to enjoin the Michigan Attorney Grievance Commission from prosecuting a complaint filed against Fieger under *Younger* abstention grounds. .

In the 1996 *Fieger* case, a three-count complaint was filed against *Fieger* alleging that Fieger had made several disparaging remarks about Michigan prosecutors, judges, justices and the judiciary in general in violation of MRPC 3.5(c) and others.  Fieger did not attempt to contest the complaint but instead tried to enjoin the state disciplinary proceedings by filing a suit in federal court arguing the rule of conduct violate his First Amendment rights and are facially invalid because they are overbroad and vague.

The district court held that it would not abstain from dealing with Plaintiff's complaint but that it would not grant a preliminary injunction enjoining the commission from prosecuting its complaint against the Plaintiff.  *Fieger v. Thomas*, 872 F.Supp 377, 387 (E.D. Mich. 1994). The district court further ruled that it would continue to exercise its jurisdiction over the case to provide judicial review if the Michigan Supreme Court refuses to provide the meaningful judicial review required by the due process clause of the Federal Constitution.  *Id.* at

The Sixth Circuit began its opinion with an discussion of *Younger* abstention law. *Fieger*, 74 F.3d at 744.  In *Younger*, the Supreme Court announced the doctrine that federal

courts should not interfere with pending state criminal proceedings for the purposes of equity, comity and federalism. 401 U.S. at 44.

The Supreme Court added to the *Younger* doctrine in the case of *Middlesex County Ethic Committee v. Garden State Bar Ass'n*. The facts of the *Middlesex* are similar to both of Fieger's cases. After making disparaging remarks at the beginning of a criminal trial towards the court, a New Jersey lawyer filed suit in federal court to try to enjoin state disciplinary proceedings on the ground that the disciplinary rules violated his First Amendment rights that the rules were facially vague and overbroad. 457 U.S. at 427-28. The district court abstained under *Younger*. *Id*. at 429. The Third Circuit reversed the district court's ruling finding that there was not a meaningful opportunity to adjudicate constitutional claims. *Id*. The circuit court also viewed the proceedings as "administrative" not "judicial."

In reversing the Third Circuit, the Supreme Court set out a three part test for determining if the district court should abstain under the *Younger* doctrine.

1. Do state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding;
2. do the proceedings implicate important state interests; and
3. Is there an adequate opportunity in the state proceedings to raise constitutional challenges?

457 U.S. at 432.

The three part test formed the basis of the Sixth Circuit's decision in *Fieger* as well as this Court's decision today. The Sixth Circuit determined that the "ongoing state proceedings" prong was met since the nature of the Grievance Board proceeding's "final act" is adjudicative as opposed to legislative. *Fieger*, 74 F.3d at 744 citing *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 371 (1989). The Sixth Circuit stated that even if the proceedings were characterized as administrative, abstention would still have been

appropriate under *Ohio Civil Rights Comm'n v. Dayton Christian Sch.*, 477 U.S. 619, 629 (1986), since *Younger* abstention applies to administrative proceedings in which "important state interests are vindicated."

In this case, the first prong is met for exactly the same reasons. The pending disciplinary proceedings against Mr. Fieger constitute a state judicial proceeding.

The second requirement of the *Middlesex* test is whether there is an important state interest. Again, the Sixth Circuit reasoning in *Fieger* applies directly to the situation here. The Supreme Court in *Middlesex* as well as the Sixth Circuit in *Fieger* have determined that regulating lawyers' conduct is a fundamentally important state interest. *Fieger*, 74 F.3d at 745; *Middlesex*, 457 U.S. at 434. The Sixth Circuit in coming to this conclusion remarked that

> [t]he fact that Fieger poses a constitutional challenge to the substance of the rules of professional conduct as well as the procedures adopted to enforce them does not overcome Michigan's interest. In fact it counsels in favor of abstention... The policies of comity and federalism counsel that because Michigan has such an important interest in regulating its own bar, a state forum should have the first opportunity to review Michigan's rules of lawyer conduct and procedures for layer discipline. In addition, Federal courts have increasingly accepted the notion that state tribunals are competent to adjudicate federal constitutional questions.

*Fieger*, 74 F.3d at 745 citing *Middlesex*, 457 U.S. at 432-36.

Again, since the situations are so analogous, this Court has nothing more to add to the discussion of whether an important state interest is present. The state interest of regulating its own state bar, which the legislature vests exclusive responsibility for in the Michigan Supreme Court, is hugely important.

The third an final *Middlesex* requirement is whether there was an adequate opportunity to raise constitutional challenges. As the *Fieger* court explained, the burden to show that the state procedural law barred presentation of its claim rests on the federal plaintiff. *Fieger*, 74 F.3d at 746 citing *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)(internal citation omitted).

The *Fieger* court outlined the grievance Board and appellate review proceedings are afforded to lawyer in Michigan disciplinary proceedings. *Fieger*, 74 F.3d at 746. The Court came to the conclusion that

> [o]ur review of the Michigan Disciplinary Rules indicates that there are many opportunities for a lawyer to raise constitutional challenges and there is nothing in the Court rules or procedures that clearly bars a lawyer from doing so.

*Id*.

The Sixth Circuit was unsure of the answers to the question now before the Michigan Supreme Court *i.e.* whether the Grievance Board can declare a Rule of Professional Conduct unconstitutional. *Id.* at 747. Even still, relying upon *Dayton Christian Schools*, "it is sufficient under *Middlesex* that constitutional claims may be raised in state-court review of the administrative proceeding." *Id*. citing *Dayton Christian Sh.*, 477 U.S. at 629. The Court concluded that

> the ability to raise constitutional issues before the board as well as an opportunity to raise them again in a petition for leave to appeal satisfies the third requirement for *Younger* abstention.

*Fieger*, 74 F.3d at 749.

In this case, the constitutional issues not only could have been raised to the Grievance Board they were raised, and the Grievance Board ruled in Fieger's favor. In terms of appellate review, the Michigan Supreme Court did ask the parties to include in its discussion two issues that do not relate to the constitutionality of the rules, including whether the Grievance Board can declare a Rule of Professional Conduct unconstitutional. However, the Defendants are correct that the Michigan Supreme Court's order directing briefing on the two issues is not meant to be exclusive. The order states that parties are to "include among the issues to be briefed." Its apparent that Fieger understood this Order to be non-exclusive list of the issues to be presented since one of Fieger's three headings under his argument section relates to the constitutionality of

the provisions arguing that his speech was protected by the First and Fourteenth Amendments. Fieger spends seventeen pages of his thirty-eight page brief on this one issue citing cases cited to this Court in their pleadings in this case.

Similar to the Respondent in *Fieger*, Fieger has had and has taken advantage of the many opportunities to raise constitutional challenges to the Michigan Attorney Disciplinary Rules. Similar to the Sixth Circuit in *Fieger*, this Court is confident that the Michigan Supreme Court takes constitutional challenges to its regulations pertaining to lawyer conduct very seriously. *Fieger*, 74 F.3d at 749.

There are three exceptions to the *Younger* abstention doctrine. They include bad faith, harassment and flagrant unconstitutionality. *Id*. at 750 citing *Trainor v. Hernandez*, 431 U.S. 434 (1977). Fieger here argues that the rules are flagrantly unconstitutional and thus this Court should exercise jurisdiction. Yet, Fieger's argument concerning the facial invalidity of MRPC 3.5(c) was considered by the Sixth Circuit to not be flagrantly unconstitutional to require the district court to disregard *Younger*. Even though Fieger never made the argument, the Sixth Circuit said "it would have failed" since "[i]n *Younger*, the Court determined that 'a chilling effect,' even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action." *Id*. citing *Younger*, 401 U.S. at 51.

The fact that Fieger's case neither seeks to enjoin the disciplinary nor even references his pending disciplinary proceedings matters little. Fieger argues that his complaint and motions are wholly different from the disciplinary proceedings since he only brings a facial challenge to the Rules of Professional Conduct, as opposed to a as-applied challenge. However, the Sixth Circuit *Fieger* case also had a similar facial challenge to the constitutionality of MRPC 3.4(c) as both overly broad and vague. The Sixth Circuit did not distinguish between an as applied versus a facial challenge, the Sixth Circuit dismissed the facial challenge along with Fieger's other claims. This Court will follow the *Fieger* opinion and not distinguish between the two.

The Michigan Supreme Court has encountered this situation before. After the federal courts abstained from considering the constitutional question, the Michigan Supreme Court remedied a possible constitutional error of a court rule treating indigents differently than non-indigents who requested transcripts and changed MCR in 1998. *See Boyd v. Michigan Supreme Court*, 1995 U.S. App. LEXIS 36181 (6th Cir. 1995)(unpublished)(affirming district court's decision to abstain from entertaining constitutional challenge of Michigan Court rules); *see also*, *People of the State of Michigan v. Neal*, 459 Mich. 72 (1998)(affirming appeals court decision finding MCR 6.425(F)(2)(a)(i), 6.433(D) and 7.210(B)(1)(a) improperly affected a defendant's right to effective assistance of appellate counsel).

Thus for the reasons stated above,

IT IS SO ORDERED THAT Plaintiff Fieger's Motion for a Temporary Restraining Order and Preliminary Injunction IS DENIED and his Complaint is DISMISSED based on the *Younger* abstention doctrine.

In terms of Plaintiff Steinberg, this Court is still unconvinced that he has standing to raise this claim. Even if he had standing, the abstention doctrine applies to his claim for the same reasons.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss is GRANTED and the case be DISMISSED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: July 17, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 17, 2006, by electronic and/or ordinary mail.

                              s/Theresa E. Taylor
                              Case Manager